UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DUANE BALDWIN, | ) | CASE NO. 5:08 CV 1202 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DAN MCCARTNEY, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 14, 2008, plaintiff *pro se* Lawrence Duane Baldwin filed this action under 42 U.S.C. §1983 against Canton City Police Officer Dan McCartney and Stark County Court of Common Pleas Employee Joseph D. Franz. In the complaint, plaintiff alleges that a misleading video tape played for the jury at his trial led to his conviction. He seeks monetary damages.

**Background**

On May 15, 2006, the Save-A-Lot store in Canton, Ohio was robbed. Mr. Baldwin was arrested and convicted of the crime. He contends that at his trial, Officer McCartney presented a video tape which he claimed was the store's surveillance tape which captured the robbery on film. Mr. Baldwin states that the tape presented at his trial depicted a man wearing a black hoodless jacket with his face and head uncovered. He contends that he and his attorney were permitted to

view the tape prior to trial and the tape they viewed at that time showed a man much taller and heavier than him wearing a gray hooded jacket with his head and face covered. He indicates that all of the witness statements described the robber in this manner. Mr. Baldwin contends that the tape presented at his trial was not the actual surveillance tape from the store at the time of the robbery. Instead, it shows a man named Riccardo Harris who was at the store at a different time to apply for a job. Mr. Baldwin claims that Mr. McCartney committed fraud and perjury by presenting this portion of the tape because Mr. Harris more closely resembles him. He claims the date and time stamp on the tape were altered. He states that Joseph Franz operated the court's equipment and had to have known that the tape playing in the machine was not the proper one. Mr. Baldwin contends he was wrongfully convicted.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Baldwin's claims clearly challenge his conviction. He must therefore allege his continued confinement has been declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his claims must therefore be dismissed.

## Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: August 18, 2008        *s/ James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.